UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MELVIN JOHNSON, RAHMEL KINNARD,  :
WILLIE ROSARIO and JAMAR ALSTON,  :
　　　　　　　　　　　　　　　　　　　 :　　　　　　 12CV7955(GBD)
　　　　　　　　　 Plaintiffs,　　　　 :
　　　　　　　　　　　　　　　　　　　 :　　　　 COMPLAINT AND
　　　 - against -　　　　　　　　　 :　　 DEMAND FOR JURY TRIAL
　　　　　　　　　　　　　　　　　　　 :
THE CITY OF NEW YORK, ANTHONY　 :　　　　　 ECF CASE
DISIMONE, PETER J. VALENTIN, CARLOS :
A. MARCHENA, and ALBERT J. PIZARRO, :
Individually and in Their Official Capacities, :
　　　　　　　　　　　　　　　　　　　 :
　　　　　　　　　 Defendants　　　　 :
------------------------------------------------------------x

　　　　Plaintiffs, by their attorneys, MICHELSTEIN & ASSOCIATES, PLLC , complaining of

the defendants, allege:

## NATURE OF THE ACTION

　　　　1.  This is a civil rights action to redress the defendants' violation of the rights accorded

to plaintiffs Melvin Johnson, Rahmel Kinnard , Willie Rosario and Jamar Alston by the Civil Rights

Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth

and Fourteenth Amendments, and by the laws of the State of New York.

　　　　2.  Plaintiffs Melvin Johnson, Rahmel Kinnard, Willie Rosario, and Jamar Alston are

citizens of the Untied States who were present on Longwood Avenue, Bronx, New York, on August

12, 2011, when New York City police officers Anthony Disimone, Peter J. Valentin, Carlos A.

Marchena and Albert J. Pizarro arrested them on a false criminal charge of Criminal Possession of

a Controlled Substance in the Seventh Degree, searched and handcuffed them, placed them in the

unairconditioned and unventilated rear of a police van, drove them around under sweatbox-like

conditions for several hours, finally transported them to the 41st Precinct, where the defendants again

subjected the plaintiffs to pat-down searches and imprisoned them, and then transported the plaintiffs

to Bronx Central Booking, where they continued to be imprisoned until their arraignment on August

14, 2011, when plaintiffs Melvin Johnson, Rahmel Kinnard and Willie Rosario were released in their

own recognizance, and plaintiff Jamar Alston was held in lieu of bail until his release on bail on

August 16, 2011, and prosecuted the plaintiffs on a false charge of Criminal Possession of a

Controlled Substance in the Seventh Degree.   The arrests and prosecution of plaintiffs Melvin

Johnson, Rahmel Kinnard, Willie Rosario and Jamar Alston were the result of a policy and practice

adopted by defendant The City of New York to arrest individuals for possession of controlled

substances without probable cause to support the arrests.  The false charge against plaintiffs Melvin

Johnson, Rahmel Kinnard, Willie Rosario and Jamar Alston was dismissed on October 6, 2011.

## JURISDICTION AND VENUE

3.  Jurisdiction of this Court is invoked pursuant to the Constitution of the United States,

28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking

to redress the violation of the plaintiffs' constitutional and civil rights, and 28 U.S.C. §1367(a), in

that the state and federal claims arise from a common nucleus of operative facts such that they are

so related that they form part of the same case or controversy under Article III of the United States

Constitution.

4.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the

events which give rise to the claim occurred within the jurisdiction of the United States District

Court for the Southern District of New York, defendants Anthony Disimone, Peter J. Valentin,

Carlos A. Marchena and Albert J. Pizarro can be found within the Southern District of New York,

and defendant The City of New York is a municipal corporation located in the Southern District of

New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5.  Plaintiff Melvin Johnson is a citizen of the United States who resides in the County of Bronx, City and State of New York.

6.  Plaintiff Rahmel Kinnard is a citizen of the United States who resides in the County of Bronx, City and State of New York.

7.  Plaintiff Willie Rosario is a citizen of the United States who resides in the County of Bronx, City and State of New York.

8.  Plaintiff Jamar Alston is a citizen of the United States who resides in the County of Bronx, City and State of New York.

9.  Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

10.  At all times relevant herein, defendant The City of New York maintained a police department.

11.  Defendant Anthony Disimone is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

12.  At all times relevant herein, defendant Anthony Disimone was acting within the scope of his employment by defendant The City of New York.

13.  Defendant Peter J. Valentin is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

14.  At all times relevant herein, defendant Peter J. Valentin was acting within the scope of his employment by defendant The City of New York.

15.  Defendant Carlos A. Marchena is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

16.   At all times relevant herein, defendant Carlos A. Marchena was acting within the scope of his employment by defendant The City of New York.

17.   Defendant Alberto J. Pizarro is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

18.   At all times relevant herein, defendants Albert J. Pizarro was acting within the scope of his employment by defendant The City of New York.

## NOTICES OF CLAIM

19.   On October 19, 2011, and within 90 days of the accrual of his causes of action herein, plaintiff Melvin Johnson served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

20.   On October 19, 2011, and within 90 days of the accrual of his causes of action herein, plaintiff Rahmel Kinnard served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

21.   On October 19, 2011, and within 90 days of the accrual of his causes of action herein, plaintiff Jamar Alston served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

22.   On December 16, 2011, plaintiff Willie Rosario served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

23.   Plaintiff Willie Rosario' motion to extend his time to file a Notice of Claim was granted by an Order of New York State Supreme Court Justice Larry S. Schachner dated January 12, 2012, which deemed the plaintiff's Notice of Claim to have been timely served *nunc pro tunc*.

24. More than thirty days have elapsed since the plaintiffs' Notices of Claim were served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

25. Plaintiffs incorporate by reference paragraphs 1 through 24 of this complaint as though the same were set forth fully herein.

26. On August 12, 2011, plaintiff Melvin Johnson was standing by a vehicle which was double parked on Longwood Avenue, between Fox Street and Beck Street, Bronx, New York.

27. On August 12, 2011, plaintiff Rahmel Kinnard was seated in the above described vehicle.

28. On August 12, 2011, plaintiff Willie Rosario was seated in the above described vehicle.

29. On August 12, 2011, plaintiff Jamar Alston was walking on Longwood Avenue, between Fox Street and Beck Street, Bronx, New York.

30. On August 12, 2011, on Longwood Avenue, between Fox Street and Beck Street, Bronx, New York, defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro arrested plaintiffs Melvin Johnson, Rahmel Kinnard, Willie Rosario and Jamar Alston.

31. Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro did not have a warrant authorizing the arrest of plaintiff Melvin Johnson.

32. Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro did not have a warrant authorizing the arrest of plaintiff Rahmel Kinnard.

33. Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro did not have a warrant authorizing the arrest of plaintiff Willie Rosario.

34. Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro did not have a warrant authorizing the arrest of plaintiff Jamar Alston.

35. One of the individual defendants grabbed plaintiff Melvin Johnson's right arm, placed it behind his back and pushed him against the car door.

36. One of the individual defendants subjected plaintiff Melvin Johnson to a pat-down search and handcuffed him.

37. One of the individual defendants pulled plaintiff Rahmel Kinnard out of the vehicle.

38. One of the individual defendants searched through plaintiff Rahmel Kinnard's pockets.

39. One of the individual defendants handcuffed plaintiff Rahmel Kinnard.

40. One of the individual defendants directed plaintiff Willie Rosario to exit the vehicle.

41. One of the individual defendants subjected plaintiff Willie Rosario to a pat-down search.

42. One of the individual defendants handcuffed plaintiff Willie Rosario.

43. One of the individual defendants seized plaintiff Jamar Alston from behind, wrapping his hands around plaintiff Jamar Alston.

44. After a brief conversation with two other police officers, the police officer who had seized plaintiff Jamar Alston handcuffed his wrists.

45. The individual defendants placed the plaintiffs in the back of a police van.

46. The portion of the van into which the individual defendants placed the plaintiffs lacked windows, air conditioning or ventilation.

47. The location where plaintiffs Melvin Johnson, Rahmel Kinnard, Willie Rosario and Jamar Alston were arrested was less than two blocks from the 41st Precinct.

48. Instead of transporting plaintiffs Melvin Johnson, Rahmel Kinnard, Willie Rosario and Jamar Alston directly to the 41st Precinct, the individual defendants drove the plaintiffs around in the unairconditioned, unventilated rear of a police van for several hours while the individual defendants arrested other individuals and placed them in the rear of the van.

49. During the period of time in which plaintiffs Melvin Johnson, Rahmel Kinnard, Willie Rosario and Jamar Alston were driven around in the unairconditioned, unventilated rear of a police van, they were subjected to sweatbox-like conditions.

50. After imprisoning plaintiffs Melvin Johnson, Rahmel Kinnard, Willie Rosario and Jamar Alston in the unairconditioned, unventilated rear of a police van for several hours, the individual defendants transported the plaintiffs to the 41st Precinct.

51. At the 41st Precinct, plaintiff Melvin Johnson was subjected to another pat-down search.

52. At the 41st Precinct, plaintiff Rahmel Kinnard was subjected to a pat-down search.

53. At the 41st Precinct, plaintiff Willie Rosario was subjected to a pat-down search.

54. At the 41st Precinct, plaintiff Jamar Alston was subjected to a search in which a hand was placed between his buttocks and his groin was fondled.

55. Each of the plaintiffs was imprisoned in the 41st Precinct for a period of time.

56. Each of the plaintiffs was subsequently transported to Bronx Central Booking, where each plaintiff continued to be imprisoned.

57. On information and belief, on August 12 or August 13, 2011, defendant Anthony Disimone falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Rahmel Kinnard had smoked a brown cigarette and passed the brown cigarette

to plaintiff Jamar Alston, that plaintiff Jamar Alston smoked the same brown cigarette and passed it to plaintiff Melvin Johnson, and that the brown cigarette contained a controlled substance.

58. On information and belief, on August 12 or August 13, 2011, defendant Anthony Disimone falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that the individual defendants had found materials which were controlled substances on the person of plaintiffs Melvin Johnson, Rahmel Kinnard and Willie Rosario.

59. On information and belief, the individual defendants knew that the substances which they claimed were "controlled substances" were, in fact, not controlled substances and were items which were legally available for purchase in a nearby store.

60. On August 13, 2011, defendant Anthony Disimone instituted a criminal proceeding against plaintiffs Melvin Johnson, Rahmel Kinnard, Willie Rosario and Jamar Alston in Bronx Supreme Court, Criminal Division, accusing the plaintiffs of the crime of Criminal Possession of a Controlled Substance in the Seventh Degree.

61. On August 13, 2011, plaintiff Jamar Alston was arraigned before a judge of Bronx Supreme Court, Criminal Division, and held in custody in lieu of bail.

62. On August 14, 2011, plaintiffs Melvin Johnson, Rahmel Kinnard, and Willie Rosario were arraigned before a judge of Bronx Supreme Court, Criminal Division, and were released in their own recognizance.

63. On August 16, 2011, plaintiff Jamar Alston was released following the posting of bail.

64. On October 6, 2011, the criminal charge brought by defendant Anthony Disimoneo against plaintiff Melvin Johnson, Rahmel Kinnard, Willie Rosario and Jamar Alston was dismissed.

## COUNT ONE ON BEHALF OF MELVIN JOHNSON
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

65.   Plaintiffs incorporate by reference paragraphs 1 through 64 of this complaint as though the same were set forth fully herein.

66.   The  seizure, detention, arrest, and imprisonment of plaintiff Melvin Johnson by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

67.   The seizure, detention, arrest, and imprisonment of plaintiff Melvin Johnson were made without probable cause to believe that he had committed a crime or offense.

68.   The charge upon which defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro arrested plaintiff Melvin Johnson was false.

69.   The charge was made by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro against plaintiff Melvin Johnson with knowledge that it was false.

70.   Plaintiff Melvin Johnson was aware of his seizure, detention, arrest and imprisonment by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro .

71.   Plaintiff Melvin Johnson did not consent to his seizure, detention, arrest or imprisonment.

72.   As a result of the foregoing, plaintiff Melvin Johnson was deprived of his liberty, was imprisoned, was greatly embarrassed and humiliated, and was subjected to mental and physical distress.

73. The seizure, detention, arrest and imprisonment of plaintiff Melvin Johnson deprived him of his right to be free of unreasonable searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

74. Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Melvin Johnson.

75. Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro deprived plaintiff Melvin Johnson of his rights to be free of unreasonable searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Melvin Johnson on a false criminal charge.

## COUNT TWO ON BEHALF OF MELVIN JOHNSON
## UNREASONABLE SEIZURE UNDER 42 U.S.C. §1983

76. Plaintiffs incorporate by reference paragraphs 1 through 75 of this complaint as though the same were set forth fully herein.

77. Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena and Albert J. Pizarro unnecessarily detained plaintiff Melvin Johnson in the unairconditioned, unventilated rear of a police van on a hot August day and drove him around for several hours while they made other arrests instead of taking him directly to the 41st Precinct, which was located less than two blocks from the location at which they arrested plaintiff Melvin Johnson.

78. The transportation of plaintiff Melvin Johnson in the unairconditioned, unventilated rear of a police van for several hours on a hot August day deprived him of his right to be free of unreasonable seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

79. Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena and Albert J. Pizarro were acting under color of state law when they placed plaintiff Melvin Johnson in the unairconditioned, unventilated rear of a police van on a hot August day and drove him around for several hours while they made other arrests instead of transporting him directly to the 41st Precinct.

80. Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena and Albert J. Pizarro deprived plaintiff Melvin Johnson of his rights to be secure in his person and to be free of unreasonable seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by placing him in the unairconditioned, unventilated rear of a police van on a hot August day and driving him around for several hours while they made other arrests instead of transporting him directly to the 41st Precinct.

## COUNT THREE ON BEHALF OF MELVIN JOHNSON
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

81. Plaintiffs incorporate by reference paragraphs 1 through 80 of this Complaint as though the same were set forth fully herein.

82. The criminal charge brought by defendant Anthony Disimone against plaintiff Melvin Johnson in Bronx Supreme Court, Criminal Division, was false.

83. Defendant Anthony Disimone instituted the criminal proceeding against plaintiff Melvin Johnson without probable cause to believe that plaintiff Melvin Johnson committed the crime charged.

84.  Defendant Anthony Disimone instituted the criminal proceeding against plaintiff Melvin Johnson with knowledge that the charge was false.

85.  Defendant Anthony Disimone was acting with malice when he commenced the criminal proceeding against plaintiff Melvin Johnson.

86.  The criminal proceeding instituted by defendant Anthony Disimone against plaintiff Melvin Johnson was terminated in plaintiff Melvin Johnson's favor.

87.  Defendant Anthony Disimone was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Melvin Johnson had been in possession of a brown cigarette containing marijuana or a controlled substance.

88.  Defendant Anthony Disimone was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Melvin Johnson had been in possession of a controlled substance.

89.  Defendant Anthony Disimone was acting under color of state law when he commenced a criminal proceeding against plaintiff Melvin Johnson in Bronx Supreme Court, Criminal Division.

90.  Defendant Anthony Disimone deprived plaintiff Melvin Johnson of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Melvin Johnson on a false criminal charge.

## COUNT FOUR ON BEHALF OF MELVIN JOHNSON
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

91.  Plaintiffs incorporate by reference paragraphs 1 through 90 of this Complaint as though the same were set forth fully herein.

92.  The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

93.  The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

94.  Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth and Fifth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

95.  The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a)  Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(b)  Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c)  Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist;

(d)  Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests and during the processing of arrested individuals;

(e)  Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

96.  The arrest, imprisonment, and prosecution of plaintiff Melvin Johnson on a false criminal charge resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

97.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, practice or custom of arresting persons on insufficient evidence.

98.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

99.  Defendant The City of New York deprived plaintiff Melvin Johnson of his rights to be free of unreasonable searches and seizures, to be secure in his person, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the requirements for warrantless arrests and the standards of probable cause for warrantless arrests,

## COUNT FIVE ON BEHALF OF MELVIN JOHNSON
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

100.  Plaintiffs incorporate by reference paragraphs 1 through 99 of this Complaint as though the same were set forth fully herein.

101.  Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena and Albert J. Pizarro are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

102.  Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

103.  Upon information and belief, defendant The City of New York failed to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights.

104.  The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

105.  Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Melvin Johnson would be violated.

106.  Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Melvin Johnson.

107.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

108.  Defendant The City of New York deprived plaintiff Melvin Johnson of his rights to be secure in his person, to be free of unreasonable searches and seizures and not bo be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom  of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

### COUNT SIX ON BEHALF OF MELVIN JOHNSON
### COMMON LAW ASSAULT AND BATTERY

109.  Plaintiffs incorporate by reference paragraphs 1 through 108 of this Complaint as though the same were set forth fully herein.

110.  Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro and the City of New York committed an assault and battery on the person of plaintiff Melvin Johnson in the course of seizing his arm, pushing him against a motor vehicle, subjecting him to a pat-down search, and handcuffing him.

111.  As a result of the foregoing, plaintiff Melvin Johnson experienced pain, physical and emotional distress, hardship and anxiety.

### COUNT SEVEN ON BEHALF OF MELVIN JOHNSON
### COMMON LAW ASSAULT AND BATTERY

112.  Plaintiffs incorporate by reference paragraphs 1 through 111 of this Complaint as though the same were set forth fully herein.

113.  Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro and the City of New York committed an assault and battery on the person of plaintiff Melvin Johnson in the course of subjecting him to a pat-down search at the 41st Precinct.

114.  As a result of the foregoing, plaintiff Melvin Johnson experienced pain, physical and emotional distress, hardship and anxiety.

### COUNT EIGHT ON BEHALF OF MELVIN JOHNSON
### COMMON LAW FALSE IMPRISONMENT

115.  Plaintiffs incorporate by reference paragraphs 1 through 114 of this Complaint as though the same were set forth fully herein.

116.  Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro and The City of New York falsely imprisoned plaintiff Melvin Johnson by seizing, detaining, arresting and imprisoning him on a false criminal charge.

117.  As a result of the foregoing, plaintiff Melvin Johnson was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

### COUNT NINE ON BEHALF OF MELVIN JOHNSON
### COMMON LAW FALSE IMPRISONMENT

118.  Plaintiff incorporates by reference paragraphs 1 through 117 of this Complaint as though the same were set forth fully herein.

119.  The imprisonment of plaintiff Melvin Johnson by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro and The City of New York violated the

provisions of New York Criminal Procedure Law §140.20.

120. The imprisonment of plaintiff Melvin Johnson by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro and The City of New York violated the plaintiff's right to be brought before a local criminal court without unnecessary delay.

121. As a result of the foregoing, plaintiff Melvin Johnson was unnecessarily imprisoned for an extended period of time.

122. Plaintiff Melvin Johnson was aware of his imprisonment by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro and The City of New York.

123. Plaintiff Melvin Johnson did not consent to his imprisonment by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro and The City of New York.

124. As a result of the foregoing, plaintiff Melvin Johnson was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress.

## COUNT TEN ON BEHALF OF MELVIN JOHNSON
## COMMON LAW MALICIOUS PROSECUTION

125. Plaintiffs incorporate by reference paragraphs 1 through 124 of this Complaint as though the same were set forth fully herein.

126. Defendants Anthony Disimone and The City of New York maliciously prosecuted plaintiff Melvin Johnson on a false criminal charge of Criminal Possession of a Controlled Substance in the Seventh Degree.

127. As a result of the criminal proceeding instituted by defendants Anthony Disimone and The City of New York, plaintiff Melvin Johnson was greatly humiliated, was subjected to mental and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment.

## COUNT ELEVEN ON BEHALF OF RAHMEL KINNARD
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

128.  Plaintiffs incorporate by reference paragraphs 1 through 127 of this complaint as though the same were set forth fully herein.

129.  The seizure, detention, arrest, and imprisonment of plaintiff Rahmel Kinnard by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

130.  The seizure, detention, arrest, and imprisonment of plaintiff Rahmel Kinnard were made without probable cause to believe that he had committed a crime or offense.

131.  The charge upon which defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro arrested plaintiff Rahmel Kinnard was false.

132.  The charge was made by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro against plaintiff Rahmel Kinnard with knowledge that it was false.

133.  Plaintiff Rahmel Kinnard was aware of his seizure, detention, arrest and imprisonment by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro.

134.  Plaintiff Rahmel Kinnard did not consent to his seizure, detention, arrest or imprisonment.

135.  As a result of the foregoing, plaintiff Rahmel Kinnard was deprived of his liberty, was imprisoned, was greatly embarrassed and humiliated, and was subjected to mental and physical distress.

136.   The seizure, detention, arrest and imprisonment of plaintiff Rahmel Kinnard deprived him of his right to be free of unreasonable searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

137.   Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Rahmel Kinnard.

138.   Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro deprived plaintiff Rahmel Kinnard of his rights to be free of unreasonable searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Rahmel Kinnard on a false criminal charge.

## COUNT TWELVE ON BEHALF OF RAHMEL KINNARD
## UNREASONABLE SEIZURE UNDER 42 U.S.C. §1983

139.   Plaintiffs incorporate by reference paragraphs 1 through 138 of this complaint as though the same were set forth fully herein.

140.   Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena and Albert J. Pizarro unnecessarily detained plaintiff Rahmel Kinnard in the unairconditioned, unventilated rear of a police van on a hot August day and drove him around for several hours while they made other arrests instead of taking him directly to the 41st Precinct, which was located less than two blocks from the location at which they arrested plaintiff Rahmel Kinnard.

141.   The transportation of plaintiff Rahmel Kinnard in the unairconditioned, unventilated rear of a police van for several hours on a hot August day deprived him of his right to be free of

unreasonable seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

142.   Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena and Albert J. Pizarro were acting under color of state law when they placed plaintiff Rahmel Kinnard in the unairconditioned, unventilated  rear of a police van on a hot August day and drove him around for several hours while they made other arrests instead of transporting him directly to the 41st Precinct.

143.   Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena and Albert J. Pizarro deprived plaintiff Rahmel Kinnard of his right to be secure in his person and to be free of unreasonable seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by placing him in the unairconditioned, unventilated rear of a police van on a hot August day and driving him around for several hours while they made other arrests instead of transporting him directly to the 41st Precinct.

## COUNT THIRTEEN ON BEHALF OF RAHMEL KINNARD
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

144.   Plaintiffs incorporate by reference paragraphs 1 through 143 of this Complaint as though the same were set forth fully herein.

145.   The criminal charge brought by defendant Anthony Disimone against plaintiff Rahmel Kinnard in Bronx Supreme Court, Criminal Division, was false.

146.   Defendant Anthony Disimone instituted the criminal proceeding against plaintiff Rahmel Kinnard without probable cause to believe that plaintiff Rahmel Kinnard committed the crime charged.

147.   Defendant Anthony Disimone instituted the criminal proceeding against plaintiff Rahmel Kinnard with knowledge that the charge was false.

148.   Defendant Anthony Disimone was acting with malice when he commenced the criminal proceeding against plaintiff Rahmel Kinnard.

149. The criminal proceeding instituted by defendant Anthony Disimone against plaintiff Rahmel Kinnard was terminated in plaintiff Rahmel Kinnard's favor.

150. Defendant Anthony Disimone was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Rahmel Kinnard had been in possession of a brown cigarette containing marijuana or a controlled substance.

151. Defendant Anthony Disimone was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Rahmel Kinnard had been in possession of a controlled substance.

152. Defendant Anthony Disimone was acting under color of state law when he commenced a criminal proceeding against plaintiff Rahmel Kinnard in Bronx Supreme Court, Criminal Division.

153. Defendant Anthony Disimone deprived plaintiff Rahmel Kinnard of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Rahmel Kinnard on a false criminal charge.

## COUNT FOURTEEN ON BEHALF OF RAHMEL KINNARD
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

154. Plaintiffs incorporate by reference paragraphs 1 through 153 of this Complaint as though the same were set forth fully herein.

155. The arrest, imprisonment, and prosecution of plaintiff Rahmel Kinnard on a false criminal charge resulted from the failure of defendant The City of New York properly to train,

supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

156.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, practice or custom of arresting persons on insufficient evidence.

157.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

158.  Defendant The City of New York deprived plaintiff Rahmel Kinnard of his rights to be free of unreasonable searches and seizures, to be secure in his person, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by  adopting and enforcing a policy, practice or custom  of failing properly to train its police officers in the requirements for warrantless arrests and the standards of probable cause for warrantless arrests,

## COUNT FIFTEEN ON BEHALF OF RAHMEL KINNARD
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

159.  Plaintiffs incorporate by reference paragraphs 1 through 158 of this Complaint as though the same were set forth fully herein.

160.  The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

161.  Defendant The City of New York knew, or should have known, that as a direct

result of this policy, practice and/or custom, the Constitutional rights of plaintiff Rahmel Kinnard would be violated.

162. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Rahmel Kinnard.

163. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

164. Defendant The City of New York deprived plaintiff Rahmel Kinnard of his rights to be secure in his person, to be free of unreasonable searches and seizures and not bo be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom  of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT SIXTEEN ON BEHALF OF RAHMEL KINNARD
## COMMON LAW ASSAULT AND BATTERY

165. Plaintiffs incorporate by reference paragraphs 1 through 164 of this Complaint as though the same were set forth fully herein.

166. Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro  and the City of New York committed an assault and battery on the person of plaintiff Rahmel Kinnard in the course of pulling him out of a vehicle, searching through his pockets, and handcuffing him.

167. As a result of the foregoing, plaintiff Rahmel Kinnard experienced pain, physical

and emotional distress, hardship and anxiety.

## COUNT SEVENTEEN ON BEHALF OF RAHMEL KINNARD
### COMMON LAW ASSAULT AND BATTERY

168.  Plaintiffs incorporate by reference paragraphs 1 through 167 of this Complaint as though the same were set forth fully herein.

169.  Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro  and the City of New York committed an assault and battery on the person of plaintiff Rahmel Kinnard in the course of subjecting him to a pat-down search at the 41st Precinct.

170.  As a result of the foregoing, plaintiff Rahmel Kinnard experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT EIGHTEEN ON BEHALF OF RAHMEL KINNARD
### COMMON LAW FALSE IMPRISONMENT

171.  Plaintiffs incorporate by reference paragraphs 1 through 170 of this Complaint as though the same were set forth fully herein.

172.  Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro and The City of New York falsely imprisoned plaintiff Rahmel Kinnard by seizing, detaining, arresting and imprisoning him on a false criminal charge.

173.  As a result of the foregoing, plaintiff Rahmel Kinnard was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT NINETEEN ON BEHALF OF RAHMEL KINNARD
### COMMON LAW FALSE IMPRISONMENT

174.  Plaintiff incorporates by reference paragraphs 1 through 173 of this Complaint as though the same were set forth fully herein.

175.  The imprisonment of plaintiff Rahmel Kinnard by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro and The City of New York violated the

provisions of New York Criminal Procedure Law §140.20.

176.  The imprisonment of plaintiff Rahmel Kinnard by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro and The City of New York violated the plaintiff's right to be brought before a local criminal court without unnecessary delay.

177. As a result of the foregoing, plaintiff Rahmel Kinnard was unnecessarily imprisoned for an extended period of time.

178.  Plaintiff Rahmel Kinnard was aware of his imprisonment by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro and The City of New York.

179.  Plaintiff Rahmel Kinnard did not consent to his imprisonment by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro and The City of New York.

180.  As a result of the foregoing, plaintiff Rahmel Kinnard was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress.

### COUNT TWENTY ON BEHALF OF RAHMEL KINNARD
### COMMON LAW MALICIOUS PROSECUTION

181.  Plaintiffs incorporate by reference paragraphs 1 through 180 of this Complaint as though the same were set forth fully herein.

182.  Defendants Anthony Disimone and The City of New York maliciously prosecuted plaintiff Rahmel Kinnard on a false criminal charge of Criminal Possession of a Controlled Substance in the Seventh Degree.

183.  As a result of the criminal proceeding instituted by defendants Anthony Disimone and The City of New York, plaintiff Rahmel Kinnard was greatly humiliated, was subjected to mental and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment.

## COUNT TWENTY-ONE ON BEHALF OF WILLIE ROSARIO
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

184. Plaintiffs incorporate by reference paragraphs 1 through 183 of this complaint as though the same were set forth fully herein.

185. The seizure, detention, arrest, and imprisonment of plaintiff Willie Rosario by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

186. The seizure, detention, arrest, and imprisonment of plaintiff Willie Rosario were made without probable cause to believe that he had committed a crime or offense.

187. The charge upon which defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro arrested plaintiff Willie Rosario was false.

188. The charge was made by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro against plaintiff Willie Rosario with knowledge that it was false.

189. Plaintiff Willie Rosario was aware of his seizure, detention, arrest and imprisonment by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro.

190. Plaintiff Willie Rosario did not consent to his seizure, detention, arrest or imprisonment.

191. As a result of the foregoing, plaintiff Willie Rosario was deprived of his liberty, was imprisoned, was greatly embarrassed and humiliated, and was subjected to mental and physical distress.

192. The seizure, detention, arrest and imprisonment of plaintiff Willie Rosario deprived him of his right to be free of unreasonable searches and seizures and his right not to be deprived of

his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

193. Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Willie Rosario.

194. Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro deprived plaintiff Willie Rosario of his rights to be free of unreasonable searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Willie Rosario on false criminal charges.

## COUNT TWENTY-TWO ON BEHALF OF WILLIE ROSARIO
### UNREASONABLE SEIZURE UNDER 42 U.S.C. §1983

195. Plaintiffs incorporate by reference paragraphs 1 through 194 of this complaint as though the same were set forth fully herein.

196. Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena and Albert J. Pizarro unnecessarily detained plaintiff Willie Rosario in the unairconditioned, unventilated rear of a police van on a hot August day and drove him around for several hours while they made other arrests instead of taking him directly to the 41st Precinct, which was located less than two blocks from the location at which they arrested plaintiff Willie Rosario.

197. The transportation of plaintiff Willie Rosario in the unairconditioned, unventilated rear of a police van for several hours on a hot August day deprived him of his right to be free of unreasonable seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

198. Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena and Albert

J. Pizarro were acting under color of state law when they placed plaintiff Willie Rosario in the unairconditioned, unventilated rear of a police van on a hot August day and drove him around for several hours while they made other arrests instead of transporting him directly to the 41st Precinct.

199.   Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena and Albert J. Pizarro deprived plaintiff Willie Rosario of his right to be secure in his person and to be free of unreasonable seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by placing him in the unairconditioned, unventilated rear of a police van on a hot August day and driving him around for several hours while they made other arrests instead of transporting him directly to the 41st Precinct.

## COUNT TWENTY-THREE ON BEHALF OF WILLIE ROSARIO
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

200.   Plaintiffs incorporate by reference paragraphs 1 through 199 of this Complaint as though the same were set forth fully herein.

201.   The criminal charge brought by defendant Anthony Disimone against plaintiff Willie Rosario in Bronx Supreme Court, Criminal Division, was false.

202.   Defendant Anthony Disimone instituted the criminal proceeding against plaintiff Willie Rosario without probable cause to believe that plaintiff Willie Rosario committed the crime charged.

203.   Defendant Anthony Disimone instituted the criminal proceeding against plaintiff Willie Rosario with knowledge that the charge was false.

204.   Defendant Anthony Disimone was acting with malice when he commenced the criminal proceeding against plaintiff Willie Rosario.

205.   The criminal proceeding instituted by defendant Anthony Disimone against plaintiff Willie Rosario was terminated in plaintiff Willie Rosario's favor.

206.  Defendant Anthony Disimone was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Willie Rosario had been in possession of a controlled substance.

207.  Defendant Anthony Disimone was acting under color of state law when he commenced a criminal proceeding against plaintiff Willie Rosario in Bronx Supreme Court, Criminal Division.

208.  Defendant Anthony Disimone deprived plaintiff Willie Rosario of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Willie Rosario on false criminal charges.

### COUNT TWENTY-FOUR ON BEHALF OF WILLIE ROSARIO
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

209.  Plaintiffs incorporate by reference paragraphs 1 through 208 of this Complaint as though the same were set forth fully herein.

210.  The arrest, imprisonment, and prosecution of plaintiff Willie Rosario on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

211.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy practice, or custom of arresting persons on insufficient evidence.

212.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

213.  Defendant The City of New York deprived plaintiff Willie Rosario of his rights to be free of unreasonable searches and seizures, to be secure in his person, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the requirements for warrantless arrests and the standards of probable cause for warrantless arrests,

## COUNT TWENTY-FIVE ON BEHALF OF WILLIE ROSARIO
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

214.  Plaintiffs incorporate by reference paragraphs 1 through 213 of this Complaint as though the same were set forth fully herein.

215.  The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

216.  Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Willie Rosario would be violated.

217.  Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Willie Rosario.

218.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

219.  Defendant The City of New York deprived plaintiff Willie Rosario of his rights to be secure in his person and to be free of unreasonable searches and seizures and not bo be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom  of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

**COUNT TWENTY-SIX ON BEHALF OF WILLIE ROSARIO**
**COMMON LAW ASSAULT AND BATTERY**

220.  Plaintiffs incorporate by reference paragraphs 1 through 219 of this Complaint as though the same were set forth fully herein.

221.  Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro and the City of New York committed an assault and battery on the person of plaintiff Willie Rosario in the course of subjecting him to a pat-down search and handcuffing him.

222.  As a result of the foregoing, plaintiff Willie Rosario experienced pain, physical and emotional distress, hardship and anxiety.

**COUNT TWENTY-SEVEN ON BEHALF OF WILLIE ROSARIO**
**COMMON LAW ASSAULT AND BATTERY**

223.  Plaintiffs incorporate by reference paragraphs 1 through 222 of this Complaint as though the same were set forth fully herein.

224.  Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro and the City of New York committed an assault and battery on the person of plaintiff Willie Rosario in the course of subjecting him to a pat-down search at the 41st Precinct.

225.  As a result of the foregoing, plaintiff Willie Rosario experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT TWENTY-EIGHT ON BEHALF OF WILLIE ROSARIO
## COMMON LAW FALSE IMPRISONMENT

226.  Plaintiffs incorporate by reference paragraphs 1 through 225 of this Complaint as though the same were set forth fully herein.

227.  Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro and The City of New York falsely imprisoned plaintiff Willie Rosario by seizing, detaining, arresting and imprisoning him on a false criminal charge.

228.  As a result of the foregoing, plaintiff Willie Rosario was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT TWENTY-NINE ON BEHALF OF WILLIE ROSARIO
## COMMON LAW FALSE IMPRISONMENT

229.  Plaintiff incorporates by reference paragraphs 1 through 228 of this Complaint as though the same were set forth fully herein.

230.  The imprisonment of plaintiff Willie Rosario by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro and The City of New York violated the provisions of New York Criminal Procedure Law §140.20.

231.  The imprisonment of plaintiff Willie Rosario by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro and The City of New York violated the plaintiff's right to be brought before a local criminal court without unnecessary delay.

232. As a result of the foregoing, plaintiff Willie Rosario was unnecessarily imprisoned for an extended period of time.

233. Plaintiff Willie Rosario was aware of his imprisonment by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro and The City of New York.

234. Plaintiff Willie Rosario did not consent to his imprisonment by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro and The City of New York.

235. As a result of the foregoing, plaintiff Willie Rosario was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress.

## COUNT THIRTY ON BEHALF OF WILLIE ROSARIO
## COMMON LAW MALICIOUS PROSECUTION

236. Plaintiffs incorporate by reference paragraphs 1 through 235 of this Complaint as though the same were set forth fully herein.

237. Defendants Anthony Disimone and The City of New York maliciously prosecuted plaintiff Willie Rosario on a false criminal charges of Criminal Possession of a Controlled Substance in the Seventh Degree.

238. As a result of the criminal proceeding instituted by defendants Anthony Disimone and The City of New York, plaintiff Willie Rosario was greatly humiliated, was subjected to mental and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment.

## COUNT THIRTY-ONE ON BEHALF OF JAMAR ALSTON
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

239. Plaintiffs incorporate by reference paragraphs 1 through 238 of this complaint as though the same were set forth fully herein.

240. The seizure, detention, arrest, and imprisonment of plaintiff Jamar Alston by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro were

made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

241. The seizure, detention, arrest, and imprisonment of plaintiff Jamar Alston were made without probable cause to believe that he had committed a crime or offense.

242. The charge upon which defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro arrested plaintiff Jamar Alston was false.

243. The charge was made by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro against plaintiff Jamar Alston with knowledge that it was false.

244. Plaintiff Jamar Alston was aware of his seizure, detention, arrest and imprisonment by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro.

245. Plaintiff Jamar Alston did not consent to his seizure, detention, arrest or imprisonment.

246. As a result of the foregoing, plaintiff Jamar Alston was deprived of his liberty, was imprisoned, was greatly embarrassed and humiliated and was subjected to mental and physical distress.

247. The seizure, detention, arrest and imprisonment of plaintiff Jamar Alston deprived him of his right to be free of unreasonable searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

248. Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Jamar Alston.

249. Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, and Albert J. Pizarro deprived plaintiff Jamar Alston of his rights to be free of unreasonable searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Jamar Alston on false criminal charges.

## COUNT THIRTY-TWO ON BEHALF OF JAMAR ALSTON
## UNREASONABLE SEIZURE UNDER 42 U.S.C. §1983

250. Plaintiffs incorporate by reference paragraphs 1 through 249 of this complaint as though the same were set forth fully herein.

251. Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena and Albert J. Pizarro unnecessarily detained plaintiff Jamar Alston in the unairconditioned, unventilated rear of a police van on a hot August day and drove him around for several hours while they made other arrests instead of taking him directly to the 41st Precinct, which was located less than two blocks from the location at which they arrested plaintiff Jamar Alston.

252. The transportation of plaintiff Jamar Alston in the unairconditioned, unventilated rear of a police van for several hours on a hot August day deprived him of his right to be free of unreasonable seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

253. Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena and Albert J. Pizarro were acting under color of state law when they placed plaintiff Jamar Alston in the unairconditioned, unventilated rear of an police van on a hot August day and drove him around for several hours while they made other arrests instead of transporting him directly to the 41st Precinct.

254. Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena and Albert J. Pizarro deprived plaintiff Jamar Alston of his right to be secure in his person and to be free of

unreasonable seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by placing him in the unairconditioned, unventilated rear of a police van on a hot August day and driving him around for several hours while they made other arrests instead of transporting him directly to the 41st Precinct.

## COUNT THIRTY-THREE ON BEHALF OF JAMAR ALSTON
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

255.  Plaintiffs incorporate by reference paragraphs 1 through 254 of this Complaint as though the same were set forth fully herein.

256.  The criminal charge brought by defendant Anthony Disimone against plaintiff Jamar Alston in Bronx Supreme Court, Criminal Division, was false.

257.  Defendant Anthony Disimone instituted the criminal proceeding against plaintiff Jamar Alston without probable cause to believe that plaintiff Jamar Alston committed the crime charged.

258.  Defendant Anthony Disimone instituted the criminal proceeding against plaintiff Jamar Alston with knowledge that the charge was false.

259.  Defendant Anthony Disimone was acting with malice when he commenced the criminal proceeding against plaintiff Jamar Alston.

260.  The criminal proceeding instituted by defendant Anthony Disimone against plaintiff Jamar Alston was terminated in plaintiff Jamar Alston's favor.

261.  Defendant Anthony Disimone was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Jamar Alston had been in possession of a brown cigarette containing marijuana or a controlled substance.

262.  Defendant Anthony Disimone was acting under color of state law when he falsely

informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Jamar Alston had been in possession of a controlled substance.

263.   Defendant Anthony Disimone was acting under color of state law when he commenced a criminal proceeding against plaintiff Jamar Alston in Bronx Supreme Court, Criminal Division.

264.   Defendant Anthony Disimone deprived plaintiff Jamar Alston of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Jamar Alston on false criminal charges.

## COUNT THIRTY-FOUR ON BEHALF OF JAMAR ALSTON
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

265.   Plaintiffs incorporate by reference paragraphs 1 through 264 of this Complaint as though the same were set forth fully herein.

266.   The arrest, imprisonment, and prosecution of plaintiff Jamar Alston on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

267.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, practice or custom of arresting persons on insufficient evidence.

268.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless

arrests without probable cause.

269. Defendant The City of New York deprived plaintiff Jamar Alston of his rights to be free of unreasonable searches and seizures, to be secure in his person, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the requirements for warrantless arrests and the standards of probable cause for warrantless arrests,

### COUNT THIRTY-FIVE ON BEHALF OF JAMAR ALSTON
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

270. Plaintiffs incorporate by reference paragraphs 1 through 269 of this Complaint as though the same were set forth fully herein.

271. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

272. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Jamar Alston would be violated.

273. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Jamar Alston.

274. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

275.  Defendant The City of New York deprived plaintiff Jamar Alston of his rights to be secure in his person, to be free of unreasonable searches and seizures and not bo be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT THIRTY-SIX ON BEHALF OF JAMAR ALSTON
### COMMON LAW ASSAULT AND BATTERY

276.  Plaintiffs incorporate by reference paragraphs 1 through 275 of this Complaint as though the same were set forth fully herein.

277.  Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro and the City of New York committed an assault and battery on the person of plaintiff Jamar Alston by seizing the plaintiff from behind, wrapping hands around the plaintiff, and handcuffing the plaintiff..

278.  As a result of the foregoing, plaintiff Jamar Alston experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT THIRTY-SEVEN ON BEHALF OF JAMAR ALSTON
### COMMON LAW ASSAULT AND BATTERY

279.  Plaintiffs incorporate by reference paragraphs 1 through 278 of this Complaint as though the same were set forth fully herein.

280.  Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro and the City of New York committed an assault and battery on the person of plaintiff Jamar Alston by putting a hand between the plaintiff's buttocks and fondling his groin at the 41st Precinct.

281. As a result of the foregoing, plaintiff Jamar Alston experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT THIRTY-EIGHT ON BEHALF OF JAMAR ALSTON
## COMMON LAW FALSE IMPRISONMENT

282. Plaintiffs incorporate by reference paragraphs 1 through 281 of this Complaint as though the same were set forth fully herein.

283. Defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro and The City of New York falsely imprisoned plaintiff Jamar Alston by seizing, detaining, arresting and imprisoning him on a false criminal charge.

284. As a result of the foregoing, plaintiff Jamar Alston was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT THIRTY-NINE ON BEHALF OF JAMAR ALSTON
## COMMON LAW FALSE IMPRISONMENT

285. Plaintiff incorporates by reference paragraphs 1 through 284 of this Complaint as though the same were set forth fully herein.

286. The imprisonment of plaintiff Jamar Alston by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro and The City of New York violated the provisions of New York Criminal Procedure Law §140.20.

287. The imprisonment of plaintiff Jamar Alston by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro and The City of New York violated the plaintiff's right to be brought before a local criminal court without unnecessary delay.

288. As a result of the foregoing, plaintiff Jamar Alston was unnecessarily imprisoned for an extended period of time.

289.   Plaintiff Jamar Alston was aware of his imprisonment by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro and The City of New York.

290.   Plaintiff Jamar Alston did not consent to his imprisonment by defendants Anthony Disimone, Peter J. Valentin, Carlos A. Marchena, Albert J. Pizarro and The City of New York.

291.   As a result of the foregoing, plaintiff Jamar Alston was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress.

## COUNT FORTY ON BEHALF OF JAMAR ALSTON
## COMMON LAW MALICIOUS PROSECUTION

292.   Plaintiffs incorporate by reference paragraphs 1 through 291 of this Complaint as though the same were set forth fully herein.

293.   Defendants Anthony Disimone and The City of New York maliciously prosecuted plaintiff Jamar Alston on a false criminal charge of Criminal Possession of a Controlled Substance in the Seventh Degree.

294.   As a result of the criminal proceeding instituted by defendants Anthony Disimone and The City of New York, plaintiff Jamar Alston was greatly humiliated, was subjected to mental and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

A.   Award the plaintiffs compensatory damages to be determined by the jury at the time of trial;

B.   Award the plaintiffs punitive damages to be determined by the jury at the time of trial;

C.   Award the plaintiffs reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D.   Grant such further relief as the Court deems necessary and proper.

**JURY TRIAL DEMANDED**

The plaintiffs request a jury trial on all questions of fact raised by their Complaint.

Dated: New York, New York
        October 23, 2012

MICHELSTEIN & ASSOCIATES, PLLC

By:_____
        Steven Michelstein (SM3323)
        Attorneys for Plaintiff
        485 Madison Avenue
        New York, New York 10022
        (212) 588-0880